United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL STOKES,

       Plaintiff,

    v.

DAVIC INCORPORATED,

       Defendant.

Case No. 22-cv-00502-RS

**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT**

Pursuant to Civil Local Rule 7-1(b), defendant's motion for judgment on the pleadings or summary judgment is suitable for disposition without oral argument, and the hearing set for October 20, 2022, is vacated. Plaintiff Michael Stokes is a professional photographer whose work includes portraits of partially clothed men. In 2019, Stokes filed suit against "Moby Dick Bar," alleging it had used two of Stokes' copyrighted photographs without permission on the bar's Facebook page. *See Stokes v. Moby Dick Bar*, No. 4:19-cv-05743-YGR. In an amended complaint, the bar was sued under the legal name of its owner, Davic Incorporated, and a total of twelve different photographs were identified as infringing. According to the complaint, the twelve photographs were all registered with the Copyright Office under eight different numbers. Presumably the numbers represented group registrations, and some of the photos came from the same groups.

That case settled. Davic removed the photographs from its Facebook pages, and paid the

sum of $25,000 to Stokes.[1] In September of 2021, Stokes found another of his copyrighted photos displayed on Davic's Facebook page. The post of the photo dated to the same time frame as was involved in the prior suit, and there seems to be no dispute that the photo was displayed on Davic's Facebook time during the time the earlier action was litigated and settled. The photo is alleged to be registered under one of the same numbers as were some photos in the prior action. This complaint followed.

While Davic represented in the prior settlement agreement that it was not then presently aware of any other of Stokes' photos being used on its Facebook pages, there is no suggestion Davic deliberately or knowingly concealed the photo, or had a desire or motive to continue displaying it. Rather, the most reasonable inference is that neither Davic nor Stokes were aware of the additional photo, and that if they had been, they would have expressly included it in the settlement, likely for no or little additional monetary compensation.

In other words, this was a mistake, and not one of great consequence, as it involved only one photograph on an old Facebook post that likely was rarely seen as time progressed. To be sure, Stokes has a legitimate interest in the picture being removed—Davic asserts it promptly did so upon notice of this suit. Stokes perhaps has some interest in monetary compensation, though the parameters of the prior settlement suggest the amount for one additional photo should be modest. The parties also have an interest in working together to ensure that no further of Stokes' photos remain on the site, or are put on the site in the future without authorization, and to resolve what the procedures and remedies should be if one nevertheless appears.

The remaining question, however, is whether Davic is entitled to either judgment on the pleadings or summary judgment on this record. It is not. The prior action alleged copyright infringement of twelve specific photographs. This action involves the same photographer and the same alleged infringer, but it is a different photograph. That the photographs share some thematic

---

[1] Although the written settlement agreement contains a confidentiality provision, Davic has filed it in the public record without objection from Stokes.

United States District Court
Northern District of California

United States District Court
Northern District of California

similarities to each other is irrelevant. Van Gogh painted nearly a dozen pictures of sunflowers, but a claim for copyright of infringement of one (before they entered the public domain) would not be a claim for infringement of another, or grow out of the same operative nucleus of facts.

Nor does the reference in the release to California Civil Code Section 1654—by which Stokes waived "unknown claims"--call for a different result. Stokes released all claims, "whether grounded in law or in equity, in contract or tort, 'extra contractual' or otherwise, whether past, present or future, known or unknown, direct or indirect, fixed or contingent," but only if they were "related to the Photographs." The agreement expressly defined the twelve photographs subject to the release, and the one in dispute in this action is not one of them.

Accordingly, there are no grounds to grant summary judgment for Davic at this juncture, much less to enter judgment on the pleadings. The parties are directed to meet and confer to attempt to resolve this matter in an efficient and cost-effective manner. If they believe a settlement conference with a magistrate judge would be helpful, they may jointly request one.

**IT IS SO ORDERED**.

Dated: October 14, 2022

_____
RICHARD SEEBORG
Chief United States District Judge